IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| QUICKSILVER AIR, INC., RICHARD C. SWISHER and SHARON SWISHER,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>HELICOPTER ENGINE REPAIR OVERHAUL SERVICES, INC. t/a H.E.R.O.S., INC., THE TIMKEN COMPANY, ROLLS-ROYCE CORPORATION,<br><br>　　　　Defendants | Case No.  3:12-CV-06-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| CRAIG WHITE and BETHANY WHITE, husband and wife,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>QUICKSILVER AIR, INC., an Alaska Corporation; THE TIMKEN COMPANY, an Ohio Corporation, doing business as TIMKEN ALCOR AEROSPACE TECHNOLOGIES, INC., a foreign Arizona Company; H.E.R.O.S., INC., a California Corporation; ARROW AVIATION, LLC, a Louisiana Limited Liability Company; 11 AEROSPACE LLC, an Arizona Limited Liability Company, doing | Case No.  3:12-CV-366-BLW |

**Memorandum Decision & Order - 1**

| | |
|---|---|
| business as ASI SERVICES; RICHARD C. SWISHER; JOHN OR JANE DOES 1-X; DOE CORPORATIONS, XI-XX<br><br>          Defendants | |
| GEORGE PAULEY,<br><br>          Plaintiff,<br><br>vs.<br><br>QUICKSILVER AIR, INC., an Alaska Corporation; THE TIMKEN COMPANY, an Ohio Corporation, doing business as TIMKEN ALCOR AEROSPACE TECHNOLOGIES, INC., a foreign Arizona Company; H.E.R.O.S., INC., a California Corporation; ARROW AVIATION, LLC, a Louisiana Limited Liability Company; 11 AEROSPACE LLC, an Arizona Limited Liability Company, doing business as ASI SERVICES; RICHARD C. SWISHER; JOHN OR JANE DOES 1-X; DOE CORPORATIONS, XI-XX<br><br>          Defendants | Case No.  3:12-CV-367-BLW |

**Memorandum Decision & Order - 2**

# INTRODUCTION

The Court has before it a motion to dismiss for lack of personal jurisdiction filed by defendant Helicopter Engine Repair Overhaul Services, Inc (HEROS) in each of the three cases consolidated above. In addition, in all three cases there are motions to transfer venue to California contingent on the Court finding that it lacks personal jurisdiction over HEROS. The motions are fully briefed and at issue. For the reasons explained below, the Court finds that it lacks personal jurisdiction over HEROS but will transfer venue of the three cases to California rather than dismissing HEROS.

# LITIGATION BACKGROUND

On January 8, 2012, a helicopter owned by Quicksilver Air, Inc. crashed in Idaho, injuring the pilot, Richard Swisher, and two passengers, Craig White and George Pauley. Swisher, the pilot, owns and operates Quicksilver, a helicopter charter company that specializes in wildlife recapture. Quicksilver was under contract with the Idaho Fish and Game Department (IFGD) to provide its helicopters for a project to tag wolves. The two injured passengers, White and Pauley, were both employees of the IFGD.

The first lawsuit was filed by Pauley (and his wife) against Swisher, Quicksilver, HEROS, Rolls-Royce, Timken, and Arrow Aviation, alleging negligence and product liability. The second lawsuit was filed by White (and his wife) against the same defendants. The third lawsuit was filed by Quicksilver and Swisher (and his wife) against HEROS, Timken and Rolls-Royce, alleging, among other things, negligence and product liability.

**Memorandum Decision & Order - 3**

Pauley and White filed their lawsuits in state court, and both actions were removed here by the defendants. Quicksilver's action was originally filed here. The three lawsuits were then consolidated before this Court for all pretrial purposes.

Plaintiffs Pauley and White (and their wives) are Idaho residents. Quicksilver is an Alaskan corporation with its principal place of business in Alaska. Richard Swisher and his wife are both residents of Alaska. Defendant HEROS is a California corporation with its principal place of business in California. The Timken defendants are incorporated in Delaware and Ohio and have their principal places of business in Ohio. Rolls-Royce is incorporated in Delaware, and Arrow Aviation LLC is a Louisiana limited liability company.

Quicksilver's helicopter had an engine designed and manufactured by defendant Rolls-Royce in Indiana. While the record is not entirely clear, it appears that defendant Arrow Aviation repaired and inspected the Rolls-Royce engine in Louisiana and Arizona. In 2009, Karen Swisher of Quicksilver ordered a compressor for that engine from HEROS in California. The compressor contained a bearing manufactured by defendant Timken in Arizona. HEROS shipped the compressor from its facility in California to Quicksilver in Colorado, where Quicksilver installed the compressor into its helicopter.

Quicksilver had entered into a contract with the IFGD to fly its employees into remote areas in Idaho. On January 8, 2010, Quicksilver's helicopter, piloted by Swisher, lost power and crashed in Idaho, injuring Swisher, White and Pauley. An investigation concluded that Timken's bearing in HEROS' compressor was fractured, which resulted in

**Memorandum Decision & Order - 4**

the engine failure and power loss.

HEROS has filed a motion to dismiss based on a lack of personal jurisdiction. The Court authorized the parties to conduct limited discovery concerning the personal jurisdiction issue. When that discovery period ended, the parties submitted a round of briefing that is now complete.

Quicksilver has responded to the motion to dismiss by arguing that HEROS has sufficient contacts with Idaho to warrant personal jurisdiction. Quicksilver has also filed a motion to transfer venue to California, arguing that if the Court finds that it lacks personal jurisdiction over HEROS, it should transfer the cases to California rather than dismissing HEROS from these actions. Plaintiffs Pauley and White agree with Quicksilver's approach: They have filed briefs arguing that HEROS has sufficient contacts with Idaho to satisfy the demands of personal jurisdiction, but also argue that if the Court disagrees, the Court should not dismiss HEROS but instead transfer the actions to California.

## LEGAL STANDARD

The assertion of personal jurisdiction must comply with the requirements of Idaho's long-arm statute (I.C. §5-514(a)) and must not offend due process. *See Lake v. Lake,* 817 F.2d 1416 (9th Cir. 1987) (interpreting the Idaho long-arm statute).[1] The

---

[1] In *Lake*, the 9th Circuit found that the Idaho legislature, in adopting I.C. § 5-514, "intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution." *Id*. at 1420. The Idaho Supreme Court had so held, and continued to so hold for a few years after *Lake*. *See Houghland Farms v. Johnson*, 119 Idaho 72, 803 P.2d 978 (1990). But more recently, the Idaho Supreme Court has, without

**Memorandum Decision & Order - 5**

plaintiffs bear the burden of proving that the Court has personal jurisdiction over the defendants. *Rano v. Sipa Press, Inc.,* 987 F.2d 580 (9th Cir. 1995).

In the three consolidated cases, the plaintiffs are Pauley, White, Quicksilver, and the Swishers. These plaintiffs have the burden of showing that this Court has personal jurisdiction over HEROS. Because the Court is deciding this matter on the record, without holding an evidentiary hearing, the plaintiffs need only establish a *prima facie* showing of jurisdictional facts to withstand a motion to dismiss. *See Fiore v. Walden*, 688 F.3d 558, 573-74 (9th Cir. 2012). But the issue remains alive for trial where plaintiffs must prove personal jurisdiction by a preponderance of the evidence. *Id.* at 575 n.13.

In determining whether plaintiffs have made a *prima facie* case, "conflicts between the facts contained in the parties' affidavits must be resolved in plaintiffs' favor." *AT&T Company v. Compagnie Bruxelles Lambert*, 94 F. 2d 586, 591 (9th Cir. 1996), *as amended*, 95 F.3d 1156 (9th Cir. 1996). If plaintiffs establish a *prima facie* case (1) that

---

commenting on this precedent, instituted a two-part test for resolving long-arm jurisdiction questions. The Court first looks at whether the defendant's conduct falls within the terms of the statute, and then looks to see whether exercising jurisdiction would comport with the Due Process Clause. In two cases, the Idaho Supreme Court has held that the defendant's conduct did fall within I.C. § 5-514, but that jurisdiction could not be exercised consistently with the Due Process Clause. *See Smalley v. Kaiser*, 130 Idaho 909, 950 P.2d 1248 (1997); *Saint Alphonsus v. State of Washington*, 123 Idaho 739, 852 P.2d 491 (1993). These decisions imply that I.C. § 5-514 reaches beyond the limits of due process, and that the Idaho Supreme Court must use the Due Process Clause to rein-in the statute's grasp. Thus, *Lake's* reading of I.C. § 5-514 – that the statutory language is co-extensive with the Due Process Clause – appears no longer accurate. The result, however, is the same – the Due Process Clause sets the limit, but the Idaho Supreme Court's new two-part test recognizes that the reach of the statute is not identical with the reach of the Due Process Clause.

**Memorandum Decision & Order - 6**

HEROS has purposefully directed its activities at Idaho, and (2) that their claims against HEROS grow out of HEROS's forum-related activities, then the burden shifts to HEROS to make a "compelling case" that the exercise of jurisdiction would be unfair or unreasonable. *Burger King*, 471 U.S. 462, 477 (1985).

## ANALYSIS

The Court begins its analysis by determining whether HEROS's contacts with Idaho fall within the confines of I.C. § 5-514. That statute confers personal jurisdiction over any "cause of action arising from . . . [t]he commission of a tortious act within [Idaho]." *See Idaho Code § 5-514(b)*. Under this standard, the negligent act need not take place in Idaho; all that is required is that the injury is alleged to have occurred in Idaho. *National Union Fire Ins. Co. of Pittsburgh P.A. v. Aerohawk Aviation, Inc.*, 259 F.Supp. 2d 1096, 1102 (D. Id. 2003). There is no dispute that the accident occurred in Idaho, and thus there is at least a *prima facie* case that the Idaho long-arm statute confers personal jurisdiction over HEROS.

The next issue is whether exercising personal jurisdiction over HEROS comports with the Due Process Clause. The Court could exercise "general jurisdiction" over HEROS, consistent with the Due Process Clause, if its contacts with Idaho are so "continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851 (2011). It is undisputed that HEROS (1) has no office or staff in Idaho, (2) is located entirely in California, and (3) did not manufacture anything in Idaho, or ship anything at issue in this

**Memorandum Decision & Order - 7**

case to a location in Idaho.

Nevertheless, Quicksilver argues that HEROS's contacts with Idaho "may be enough for general jurisdiction in Idaho," *see Quicksilver Brief (Dkt. No. 58)* at p. 7.  To satisfy the test set forth in *Goodyear*, Quicksilver argues that HEROS (1) operates an interactive website that could be used by Idaho residents to order parts, (2) sold two helicopter parts to an Idaho buyer in 2006, (3) advertises in national publications, (4) belongs to two industry groups – the Inventory Locator Service and the Airborne Law Enforcement Association – with interactive websites that, respectively, sell parts and promote aircraft use in law enforcement, and (5) has at least six customers that fly helicopter missions in Idaho.

In a recent decision, the Ninth Circuit points out that the Supreme Court has "found general jurisdiction over a non-resident in only one case . . . ." *Mavrix Photo, Inc. v. Brand Technologies Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011).  Reviewing its own Circuit precedent, *Mavrix* noted that "occasional sales" in the forum were not enough to confer general jurisdiction even if accompanied by a "substantial sales force" in the forum and an interactive website.  *Id.* at 1225-26.  Under *Mavrix's* standard, Quicksilver has not carried its burden of showing general jurisdiction.  Thus the sole issue in the case is whether there is specific jurisdiction.

The Ninth Circuit has identified three criteria to determine whether specific jurisdiction is present:  (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with Idaho; (2) the claim must be one which

**Memorandum Decision & Order - 8**

arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *See Fiore,* 688 F.3d at 573-74 (noting that this test applies to cases sounding in tort, like this one, as opposed to contract). To meet this test, Quicksilver proffers the same five points of evidence it cited in support of its argument that general jurisdiction applied.

None of those five points show that HEROS purposefully directed its activities toward Idaho. Quicksilver argues, however, that HEROS should have anticipated that its parts could wind up in Idaho. However, mere anticipation is not enough to establish minimum contacts. *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2784, 2888 (2011) (plurality opinion) (stating that "as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State").

While *McIntyre Machinery* was a mere plurality opinion, two Justices wrote a concurring opinion citing with approval an earlier opinion requiring "something more" than simply placing "a product into the stream of commerce," even if defendant is "awar[e]" that the stream "may or will sweep the product into the forum State." *Id*. at 2792 (quoting *Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty*., 480 U.S. 102, 111 (1987) (opinion of O'Connor, J.)). Thus, in *McIntyre Machinery*, a total of six Justices held that the New Jersey court had no personal jurisdiction over a manufacturer who sold a machine through a nationwide distributor that ended up in New Jersey and injured a worker. While the manufacturer engaged in some national advertising, it did not specifically target New Jersey with its advertising, and placed only four machines in New

**Memorandum Decision & Order - 9**

Jersey. *Id*. at 2790.

The *McIntyre Machinery* case is much like this one; the connections here to the forum state are just as tenuous as they were in that case. The leading treatise on the subject of personal jurisdiction concludes, after reviewing the case law, that "personal jurisdiction ordinarily is not proper when the product is introduced into the forum by a consumer rather than by the manufacturer or distributor of the product in question, even when the item is very mobile in character." 4 Wright, Miller, Kane and Marcus, *Federal Practice and Procedure* § 1067.4 (3d ed. 2012).

However, even assuming that plaintiffs' five points satisfy the first requirement that HEROS "purposefully direct" its activities toward Idaho residents, the plaintiffs must still show that their claims arise out of or relate to those forum activities. The Ninth Circuit follows the 'but for' test." *Fiore*, 688 F.3d at 582. Hence, plaintiffs must show that they would not have suffered an injury "but for" HEROS' forum-related conduct. *Id.*

Plaintiffs cannot make even a *prima facie* showing to satisfy this test. The sales transaction between HEROS and Quicksilver did not involve Idaho in any way – the buyers were residents of Alaska, the seller was a resident of California, the allegedly defective good was shipped from California to Colorado. None of the plaintiffs' claims arise from any of the five points listed above. There is no evidence that the interactive websites were used or that the current claims relate in any way to HEROS's sale of two parts to an Idaho buyer four years before the accident at issue here.

For all of these reasons, the Court finds that it lacks personal jurisdiction over

HEROS.[2]  The Court will therefore turn to the second motion at issue, the motion to transfer venue to California that was contingent on the Court finding a lack of personal jurisdiction.

**Motion to Transfer**

In this motion, Quicksilver argues that instead of dismissing HEROS due to a lack of personal jurisdiction, the Court should transfer this case to the Central District of California, where HEROS is located.  Quicksilver argues that if HEROS is dismissed from this action, Quicksilver will be unable to refile the action in California because the statute of limitations has expired.  HEROS does not take issue with that interpretation of the limitations period.

Even when personal jurisdiction is lacking, the Court retains the authority to transfer the case to another District Court.  *See Goldlawr v. Heiman*, 369 U.S. 463 (1962).  In *Goldlawr,* the transfer was made under 28 U.S.C. § 1406(a), a statute that allows transfer when venue does not properly exist in the transferor court.  Alternatively, if venue does exist in the transferor court, but convenience and justice dictate another venue, the proper statute for transfer is 28 U.S.C. § 1404(a).

However, when personal jurisdiction is found to be lacking, transfer can take place under either statute because "[t]he end result is the same."  *See 15 Wright, Miller,*

---

[2]  HEROS objects to Quicksilver's filing of two response briefs.  However, HEROS filed a separate motion in *White* and *Pauley* when both cases were in still with the Idaho State Court, and thus there were technically two motions for Quicksilver to address.  Nevertheless, the matter is moot since HEROS has prevailed on its motion.

**Memorandum Decision & Order - 11**

*Cooper, Steinman, Struve and Amar, Federal Practice & Procedure,* § 3827 (3rd ed. 2012). Although there is apparently no Ninth Circuit case on point, there is authority indicating that the Circuit would agree with the treatise's position if directly faced with the issue. *See Nelson v. International Paint Co.,* 716 F.2d 640, 643 (9th Cir. 1983) (holding that so long as purpose of transfer was to cure lack of personal jurisdiction, it did not matter whether transfer was under § 1404(a) or § 1406(a) for choice-of-law issue).

Both statutes use "the interests of justice" as a standard by which to evaluate a motion to transfer. Under this standard, there are "especially compelling" reasons for transfer rather than dismissal "if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits." *Wright and Miller, supra.* That is true here with regard to HEROS.

Moreover, there is no evidence to suggest that these actions could not have been originally filed in the Central District of California. That is where HEROS is located, where it committed its allegedly negligent acts, and where the allegedly defective engine is now located. No party has argued that defendant Timken, an Ohio corporation, and defendant Rolls-Royce, a Delaware corporation located in Indiana, are not subject to suit in California. Of course, both of those defendants retain the right, if this case is transferred, to file any motion with the California court to be dismissed from that action or to have the action transferred. The Court is simply noting that there is nothing before it at this time to prevent transfer to California. Finally, the Court would note that plaintiffs

**Memorandum Decision & Order - 12**

White and Pauley have stated that if the Court finds a lack of personal jurisdiction over HEROS in Idaho, "then the case should be transferred to the appropriate California Federal Court." *See Response Briefs (Dkt. No. 37 in 3:CV-12-366-BLW) (Dkt. No. 36 in 3:CV-12-367-BLW).*

For all of these reasons, the Court will grant in part and deny in part the motion to dismiss. The Court will grant the motion to the extent it seeks a finding that the Court lacks personal jurisdiction over HEROS, but will deny the motion to the extent it seeks to dismiss HEROS from the case. Instead, the Court will grant Quicksilver's motion to transfer and transfer these three cases to the Central District of California.

The Court would note that another statute, 28 U.S.C. § 1631, allows for transfer of venue whenever "the court finds that there is a want of jurisdiction," and further provides that the date of filing in the new venue will relate back to the "date upon which it was actually filed in . . . the court from which it is transferred." However, the leading treatise on federal practice concludes that this statute does not apply when the jurisdiction found to be lacking is personal jurisdiction:

> The legislative history of the statute [28 U.S.C. 1631], as embodied in the Senate Report accompanying it, is quite clear that Section 1631 was intended to apply only to situations in which a court lacked subject matter jurisdiction. . . . Thus, despite the ambiguous language of the statute, and the potentially desirable effect of extending the scope of its application, limiting Section 1631 to transfers to cure a lack of subject matter jurisdiction is the only position consistent with the intent and purpose of Congress."

*See* 15 Wright, Miller, Cooper, Steinman, Struve and Amar, *Federal Practice & Procedure,* § 3842 (3rd ed. 2012). It is not entirely clear if the Ninth Circuit agrees. A

**Memorandum Decision & Order - 13**

number of pre-2007 unpublished Ninth Circuit cases direct district courts to transfer cases under § 1631 after finding a lack of personal jurisdiction, but those cases cannot be cited under Circuit Rule 36-3.  The Circuit used contrary language in dicta in a published decision, stating in a footnote that "§ 1631 relates to subject matter jurisdiction."  *Gherebi v. Bush*, 352 F.3d 1278, 1302 n. 30 (9th Cir. 2003).  While the Circuit's position on this issue is not entirely clear, the Circuit generally agrees with the Wright and Miller treatise on a broad array of issues, leading the Court to conclude that it would agree on this issue as well.  Accordingly, the Court will not apply § 1631.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss for lack of personal jurisdiction (docket no. 13 in 3:12-CV-006-BLW; docket no. 7 in 3:12-CV-366-BLW; docket no. 6 in 3:12-CV-367-BLW) are GRANTED IN PART AND DENIED IN PART.  The Court will grant the motions to the extent they seek a finding that the Court lacks personal jurisdiction over defendant HEROS, but will deny the motions to the extent they seek to dismiss HEROS from the case.

IT IS FURTHER ORDERED, that the motions to change venue (docket no. 35 in 3:12-CV-006-BLW; docket no. 27 in 3:12-CV-366-BLW; docket no. 26 in 3:12-CV-367-BLW) are GRANTED and the Clerk is directed to transfer these cases to the Federal District Court for the Central District of California.



DATED:  **January 18, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge